An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

AUSTIN B. DERRICAOTTE,
Appellant,
vs.
ALECIA RANGEL,
Respondent.

No. 68618

FILED

AUG 1 9 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DISMISSING APPEAL

This is an appeal from a district court order determining custody of the parties' minor child. Eighth Judicial District Court, Family Court Division, Clark County; Cheryl B. Moss, Judge.

Our review of the documents submitted to this court pursuant to NRAP 3(g) reveals a jurisdictional defect. To date, no written order appears to have been entered. Thus, this appeal is premature and we lack jurisdiction over the appeal at this time. *See* NRAP 4(a)(6) (providing that "[a] premature notice of appeal does not divest the district court of jurisdiction" and that this court "may dismiss as premature a notice of appeal filed after the oral pronouncement of a decision or order but before entry of the written judgment or order"); *Rust v. Clark Cnty. Sch. Dist.*, 103 Nev. 686, 688-89, 747 P.2d 1380, 1381-82 (1987) (explaining that a minute order is ineffective for any purpose and cannot be appealed). Once

15-25088

the district court has entered final written judgment, any aggrieved party may appeal. Accordingly, we

ORDER this appeal DISMISSED.[1]

_____, C.J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta

cc:  Hon. Cheryl B. Moss, District Judge, Family Court Division
     Carolyn Worrell, Settlement Judge
     McDonald Law Group
     Kelleher & Kelleher, LLC
     Eighth District Court Clerk

---

[1]Appellant has also filed an emergency motion to stay the district court's order and for an injunction pending appeal. As the appeal is dismissed, the motion is moot and therefore denied. However, we note that a party making a motion in this court to stay a district court order pending appeal without first moving for such a stay in the district court must show that having done so would have been impracticable. NRAP 8(a)(2). Here, appellant stated that filing a motion for stay in the district court would "be impracticable as [respondent] is intending to move in less than 14 days." The district court can resolve stay motions just as quickly as this court can, and thus such an assertion fails to demonstrate that first moving in the district court would be impracticable. *Id.*